[Crim. No. 3104. Second Appellate District, Division Two.—June 23, 1938.]

THE PEOPLE, Respondent, v. ALFRED MERRITT LOOMIS, Appellant.

Alfred Merritt Loomis, *in pro. per.*, for Appellant.

U. S. Webb, Attorney-General, and Bayard Rhone, Deputy Attorney-General, for Respondent.

CRAIL, P. J.—This appeal is taken from judgments of conviction on one count of burglary and three counts of forgery, as well as two prior felony convictions, and from an order denying a motion for a new trial. The defendant entered, in addition to a "not guilty" plea, a plea of "not guilty by reason of insanity". On the issue of his sanity, the jury found the defendant sane.

Appellant's principal contention is that the evidence is insufficient to sustain the verdicts, coupled with the claim that the verdicts rest solely upon the uncorroborated testi-

mony of an accomplice. The evidence discloses that on Friday, August 27, 1937, the construction office which defendant was charged with having burglarized was locked and the windows were unbroken. On Monday, August 30th, two windows were found broken and it was discovered that thirty numbered checks were missing. Between August 27th and September 1st, two of the missing checks were cashed by appellant and one by a codefendant, who pleaded guilty. It was shown that the checks were not signed by the construction company against whose account they purported to be drawn and a handwriting expert testified that they were made out and signed by appellant, whose handwriting he had compared with that on the checks. The codefendant testified that on the evening of August 27, 1937, he drove appellant to the construction office and that he, the codefendant, then went away because he understood that appellant was going to get some checks. Later appellant picked up the codefendant and took him to an apartment house where he exhibited the thirty checks which had been stolen from the construction company office. At that time appellant wrote out the three checks which he and the codefendant later cashed.

Viewing the evidence in a light most favorable to the People, respondent herein, as we are constrained to do under the familiar rule that all intendments are in favor of upholding the judgment of the trial court (*People* v. *Dukes,* 90 Cal. App. 657 [266 Pac. 558]), there was sufficient, substantial evidence to support the verdicts of the jury. Under the rule that corroboration is to be found in any substantial evidence, not that of an accomplice, which tends to connect defendant with the commission of the offense charged (*People* v. *Baker,* 25 Cal. App. (2d) 1 [76 Pac. (2d) 111]), we believe that in the instant case there was sufficient corroboratory proof of the testimony of the accomplice.

■ With regard to the verdict on the insanity plea, it is sufficient to note that three competent physicians testified, after examining appellant, that he was sane and that he was only malingering and feigning insanity.

■ Appellant contends that the trial court committed reversible error in refusing to grant him a three day continuance in order to allow him time to prepare for trial. There is no merit in this contention, for the record shows that he had ample time to prepare for trial. A period of more than five months elapsed from the time defendant was arraigned until

he was actually tried. At all times during said period, appellant was represented by counsel and, at the time of trial, was represented by the Public Defender.

It is next contended that the trial court erred in unduly restraining the appellant during the course of the trial. The restraint complained of consisted of strapping appellant's arms and legs together, his body being strapped to a wheel chair, and at times, a towel being placed over his mouth. Such restraint was ordered because of appellant's loud and tumultuous conduct during the early part of the trial. In the presence of the court and the jury, appellant repeatedly shouted in a loud voice, using profane and obscene expressions. Appellant, on numerous occasions, broke away from, and fought with the officers who were seeking to quiet him, kicked the counsel table, threw himself on the floor and otherwise conducted himself in an improper manner. Despite repeated admonitions from the court, he persisted in such conduct until restrained by order of the court. There can be no doubt as to the right of the court to use reasonable restraint in order to conduct the trial in an orderly and dignified manner. (*People* v. *Kimball,* 5 Cal. (2d) 608 [55 Pac. (2d) 483].) The restraint here used was not unreasonable under the circumstances.

The final point raised by appellant is that section 1368 of the Penal Code is unconstitutional in that it deprived him of the right to a trial by jury. That section provides, essentially, that the question of present sanity shall be tried by the court without a jury, *unless* a jury be demanded. The question arises because of the fact that about two weeks prior to the actual trial, the court declared a doubt as to appellant's present sanity and ordered a hearing thereon. At this hearing, although appellant was represented by counsel, no objection was made to a nonjury trial and, in fact, no jury trial was demanded. Appellant's position is untenable for the reason that the provision of article I, section 7, of the Constitution of the state of California, which provides, "the right of trial by jury shall be secured to all and remain inviolate forever", applies only to ordinary criminal and civil cases where an issue of fact is raised by the pleadings. (*In re O'Connor,* 29 Cal. App. 225, 232 [155 Pac. 115].) The proceeding under section 1368 is not a criminal action, for the defendant is charged with no criminal act, nor would he be subject to any punishment if he is found to be insane.

(Pen. Code, sec. 15, and Code Civ. Proc., sec. 22; *People* v. *Trippell,* 20 Cal. App. (2d) 386 [67 Pac. (2d) 111].) Clearly it is not a civil action, for it is not prosecuted by one party against another for the declaration, enforcement or protection of a right, or the redress or prevention of a wrong. (Code Civ. Proc., sec. 30.) The action here under consideration is a special proceeding (Code Civ. Proc., sec. 23), to which the guarantee of the right of trial by jury, provided for in the Constitution, has no application. (*In re O'Connor, supra; In re Liggett,* 187 Cal. 428 [202 Pac. 660].)

For the foregoing reasons, the judgment is affirmed.

Wood, J., and McComb, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 6, 1938.