**PARKER v. UNITED STATES.**

No. 6133.

United States Court of Appeals Fourth Circuit.

Argued Oct. 2, 1950.

Decided Oct. 10, 1950.

W. A. Hall, Jr., Richmond, Va., for appellant.

Bryce R. Holt, U. S. Atty., Greensboro, N. C. (R. Kennedy Harris, Greensboro, N. C., and Theodore C. Bethea, Asst. U. S. Attys., Reidsville, N. C., on the brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is an appeal from the denial of a motion made under 28 U.S.C.A. § 2255 to vacate a judgment and sentence of imprisonment in a criminal case. The ground of the motion was that defendant was not present in court during the examination of certain witnesses. We think it perfectly clear that the motion was entirely without merit and was properly denied.

After a trial lasting many weeks, appellant was convicted of the crime of fraudulently evading the payment of income tax. On October 10, 1949, when the trial was drawing to a close, the case was continued to October 12th on account of the illness of counsel; and defendant, who was at large on bail, returned to his home some distance from the city in which court was being held. When he was returning to court on the 12th, he was involved in an automobile accident in which he sustained injuries that necessitated his being carried to a hospital. When court convened on the morning of October 12th, appellant was not present because of the injuries he had sustained; but neither court nor counsel knew of his injuries and assumed that he had misunderstood the hour of convening or had been temporarily delayed. His own counsel suggested that the hearing proceed in his absence and five witnesses were examined before it was learned that he had been injured. The court then adjourned the hearing until October 25th.

When the court convened on October 25th, appellant was present and had been furnished with a transcript of the testimony of the witnesses who had been examined in his absence. He did not object to their testimony, ask to examine them further, move to exclude their testimony from the consideration of the jury, move for a mistrial, or take any other action indicating that he objected or excepted to what had been done. On the contrary, his counsel, who embraced a number of able trial lawyers, proceeded with the trial and submitted the case to the jury after full argument, without even a suggestion that any point was made with regard to the absence of appellant from court on October 12th. No such point was made when verdict of guilty was returned or sentence entered, nor in the motion for new trial which assigned nine separate grounds for setting aside the conviction. No appeal was taken from the judgment of the court, and after a stay of sentence granted to enable him to make certain business arrangements, defendant entered upon the service of his sentence. Not until some months later was the motion made under 28 U.S.C.A. § 2255, when for the first time the point was raised as to appellant's absence from court on October 12th.

It is well settled that, in cases not capital, an accused on trial for crime may waive his right to be present and that voluntarily absenting himself from court after the trial has commenced constitutes such waiver. Diaz v. United States, 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500, Ann.Cas. 1913C, 1138. While the defendant may not

be said to have voluntarily absented himself from court on October 12th, in view of his injury in the automobile accident, he unquestionably waived his presence during the examination of the witnesses whose testimony was then taken by afterwards proceeding with the trial, with full knowledge of the facts and without objection, and taking his chance before the jury that had been empaneled to try him. See Frank v. Mangum, 237 U.S. 309, 35 S.Ct. 582, 59 L. Ed. 969. The fact that the right to be present at one's trial is a constitutional right does not mean that it may not be waived or that any right to insist upon its infringement must not be asserted in apt time. 23 C.J.S., Criminal Law, § 1009, page 376; 16 C.J.S., Constitutional Law, § 91, page 198. The right to be present at all stages of the trial is no more sacred than the right to be confronted by accusing witnesses or to have a common law jury of twelve try the case; and there can be no question but that these may be waived. Grove v. United States, 4 Cir., 3 F.2d 965; Eury v. Huff, 4 Cir., 141 F.2d 554. Proceeding with the trial without objection and with full knowledge of the facts constitutes such waiver as clearly as anything could. As said by Mr. Justice Douglas in Johnson v. United States, 318 U.S. 189, 201, 63 S.Ct. 549, 555, 87 L.Ed. 704: "Any other course would not comport with the standards for the administration of criminal justice. We cannot permit an accused to elect to pursue one course at the trial and then, when that has proved to be unprofitable, to insist on appeal that the course which he rejected at the trial be reopened to him. However unwise the first choice may have been, the range of waiver is wide. Since the protection which could have been obtained was plainly waived, the accused cannot now be heard to charge the court with depriving him of a fair trial. The court only followed the course which he himself helped to chart and in which he acquiesced until the case was argued on appeal. The fact that the objection did not appear in the motion for new trial or in the assignments of error makes clear that the point now is a 'mere afterthought.' "

For the reasons stated, the absence of the appellant during the examination of witnesses on October 12th would not have availed him if the question had been raised by direct appeal from the judgment and sentence. A fortiori, he may not avail himself of it by motion under 28 U.S.C.A. § 2255, which may not be used in lieu of appeal to correct errors occurring during the trial of the cause. As said by this court in Howell v. United States, 4 Cir., 172 F. 2d 213, 215: "All of appellant's complaints relate to matters which, if based upon fact, should have been called to the attention of the court at the trial and made the subject of timely appeal from its judgment, not raised by habeas corpus or by a motion questioning collaterally the validity of the proceedings leading to conviction. It is elementary that neither habeas corpus nor motion in the nature of application for writ of error coram nobis can be availed of in lieu of writ of error or appeal, to correct errors committed in the course of a trial, even though such errors relate to constitutional rights. It is only when there has been the denial of the substance of a fair trial that the validity of the proceedings may be thus collaterally attacked or questioned by motion in the nature of petition for writ of error coram nobis or under 28 U.S.C.A. § 2255. Birtch v. United States, 4 Cir., 164 F.2d 880; Pifer v. United States, 4 Cir., 158 F.2d 867; Eury v. Huff, 4 Cir., 141 F.2d 554; Sanderlin v. Smyth, 4 Cir., 138 F.2d 729; United States ex rel. Jackson v. Brady, 4 Cir., 133 F.2d 476, 481."

Applicable also is what was said by us in Crowe v. United States, 4 Cir., 175 F.2d 799, 801, as follows: "This is not the case of an accused who has been denied counsel and who has failed to assert his constitutional rights at the proper time because of ignorance, but of one who has had the assistance of able counsel who knew how to raise and would have raised upon the original trial the questions that he is now raising, if there had been any substance to them."

The order appealed from will be

Affirmed.