**Pancho BARNES, Also Known as Florence Lowe Barnes, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 14908.**

United States Court of Appeals
Ninth Circuit.

Nov. 23, 1956.

Miss Pancho Barnes, in pro. per., for appellant.

Perry W. Morton, Asst. Atty. Gen., John C. Harrington, Roger P. Marquis, Attys., Dept. of Justice, Washington, D. C., Laughlin E. Waters, U. S. Atty., Los Angeles, Cal., for appellee.

Before FEE, CHAMBERS and HAMLEY, Circuit Judges.

JAMES ALGER FEE, Circuit Judge.

An action was brought by Miss Pancho Barnes, also known as Florence Lowe Barnes, against the United States of America. It is one of a series of cases commenced and litigated by her against the government, Air Force officers and others relating to the closing of an air-port operated by her on December 7, 1941, and subsequent events which were apparently leading up to or connected with the bringing of an action of condemnation by the government to acquire ownership of all the lands upon which the complaint here is based. All of these cases which have come to this Court have been prosecuted by Miss Barnes in the District Court and in this Court in her own proper person.

There is a great deal of pro. per. litigation at the present time. Our system permits any person to litigate his own cause, and the democratic process would seem to require the practice be continued. A number of brilliant people, untrained specifically in the law, feel they can better protect their interests if they appear personally and fight their own battles. This case is one of many of those illustrative of the fallacy involved in this feeling. Of course, a heavy burden is placed upon the court when a litigant appears in proper person. The court must, of necessity, guard the rights of the individual in all cases. But, in cases where counsel appear for the litigants, the limits which circumscribe the action of a court, such as jurisdiction, decision only on matters which appear in the record of the particular case and the effect of pleadings, pre-trial conferences, admissions and argument, are understood by all concerned. In a matter where a litigant appears in her own person and without counsel, erroneous notions as to the effect of these factors may lead her to believe the proceeding is unfairly handled. This case is an example of such misconception.

There was a motion to dismiss the amended complaint on behalf of the government, which was noticed by the moving party for hearing on April 4, 1955. By order, Hon. Leon R. Yankwich, Chief Judge of the United States District Court for the Southern District of California, reset the matter for hearing at Fresno on April 1. Pancho Barnes filed an "Affidavit of Bias and Prejudice Disqualifying Judge" on March 30, which was duly verified and certified to have been made

in good faith by her. This was heard and denied by Judge Yankwich on April 1. On the same day the judge heard the motion to dismiss and found the same well taken, on the ground that the amended complaint failed to state a claim against defendant upon which relief could be granted. On April 12, a judgment of dismissal of the action on this ground was signed by the judge and entered of record. From this judgment, appeal is taken.

The affidavit of prejudice is based upon three principal grounds. It is alleged that Judge Yankwich usurped jurisdiction in this case inasmuch as Hon. Peirson M. Hall, United States District Judge for the Southern District of California, had already heard portions thereof. It is set up that Judge Yankwich had placed himself in a previous case in the process of being heard by Hon. Campbell E. Beaumont, United States District Judge for the Southern District of California, (now deceased) and by his remarks intimated and influenced Judge Beaumont against affiant. In that case, Judge Yankwich is alleged to have paid attention to the cases cited by the United States Attorney but said he was not interested in a case affiant attempted to cite and refused to allow her to make further argument. Also, at that time, when affiant said the judge had probably already made up his mind before the case started, the judge allegedly threatened to send her to jail for contempt of court. Finally, Judge Yankwich is said to have refused to see affiant at any time in his chambers on routine ex parte matters, to have refused a conference with her and the United States Attorney and to have refused to speak to her over the telephone although he had spoken to the United States Attorney just previously in her presence. All of the affidavit abounds with conclusions as to bias and prejudice.

 The judge properly refused to disqualify himself. Furthermore, he ordered the affidavit stricken from the files as "legally insufficient and scandalous." This action is correct also. The appearance of Miss Barnes in proper person gives her no rights that a litigant represented by a lawyer does not have. Under the rules of the Southern District of California, there are provisions for the hearings of motions by the Chief Judge and other judges,[1] and also provisions for the transfer of a case from one judge to another.[2] Miss Barnes had no right to select the judge before whom she wished the motion heard.[3] One of the dangers in administration of multi-judge courts is that some system may be developed whereby a judge may be chosen by a particular litigant to hear his case.

 The unfamiliarity of the litigant here with the practice of the courts and lawyers has led to further misapprehension. Any lawyer would know that a charge made to a judge in open court that the judge had made up his mind before the case started to grant an injunction against the litigant was flagrant contempt of court. Yet the litigant here naively says she made such a charge in open court in a previous case and alleges the judge was prejudiced against her because he threatened to hold her in contempt. The present affidavit is scandalous and impertinent because it alleges that in the previous case the judge dominated and influenced another judge (now deceased) against her, and implies that he carried the alleged prejudice into the case at bar. The conduct of the trial judge and his rulings in a former case are not the basis for disqualification here. All of the rulings in former cases, as well as the attitude of the judge, could have been raised upon appeal in such cases. Because a judge has decided one case against a litigant is no reason why he cannot sit in another.

1. Local Rules Southern District of California (1949), Rule 2(d).

2. Local Rules Southern District of California (1949), Rule 2(c).

3. Local Rules Southern District of California (1949), Rule 2(d). Not even the Clerk of the Court may make this choice, Rule 2(a).

Finally, it is said the judge refused to see the litigant and refused to talk to her over the telephone. For this, however, the judge is to be commended, not censured. Most litigants are not trained in law, and many of them misunderstand the purport of remarks of a judge. This litigant objects that the judge talked to the United States Attorney over the telephone, but would not talk to her. It is complained the judge would not talk to her even in the presence of the United States Attorney. All this is right and proper. A judge should not talk to litigants off the bench. Miss Barnes misunderstands the situation. It is one of the penalties for appearance in proper person. If she had an attorney, the latter would be accorded all ethical privileges. But Miss Barnes apparently does not know that many judges have a strict rule against discussing the merits of any case off the bench, even with lawyers in the case and never without the presence of lawyers for both sides. It has seemed necessary to spell this out at length so that there could be no further misunderstanding.

If the merits of the case be considered, the ruling of the trial court was correct. The complaint did not state facts sufficient to state a claim upon which relief could be granted to appellant. It is contended that the claim should be adjudged valid under the Tort Claims Act.[4] It is generally set up that there has been a continuous trespass on the real property since December 7, 1941. But the action was filed December 3, 1952. The statute limits actionable conduct to that committed within two years before filing the suit.[5] But there is no specification that any action of any employee of the United States took place within that time. The complaint was not drafted by a lawyer. Although there is a nebulous theory that a child can plead under the Rules of Civil Procedure, there still has to be some recognizable basis for a claim under a federal statute before the government is required to answer.

It is further contended that the claim is upon an implied contract and that therefore the Tucker Act[6] is applicable. But, if that were true, the statute appealed to limits the jurisdiction of the District Court to claims of less than ten thousand dollars,[7] and the instant demand is for $1,500,000.

Another basis of the claim was, according to the argument, an inverse condemnation action. The proper court for filing such a claim would be the Court of Claims.[8]

The complaint sets up that the United States has now filed an action for condemnation of all the real property involved. If the date of taking were December 7, 1941, and the government has occupied the land continuously since, it would seem that the date of taking might be a proper issue in the condemnation case. It is stated Miss Barnes has a lawyer representing her in that case, so that the ruling of the trial court and the ruling here will not be misunderstood.

The action of the trial judge in refusing to disqualify himself and striking the affidavit from the files was proper. The order to dismiss the action was correct.

Affirmed.

4. 28 U.S.C.A. § 1346(b).

5. 28 U.S.C.A. § 2401(b).

6. 28 U.S.C.A. §§ 1346(a) (2), 1491.

7. 28 U.S.C.A. § 1346(a) (2).

8. Under 28 U.S.C.A. § 1491.