**Robert G. COX, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 17033.**

United States Court of Appeals Eighth Circuit.

Nov. 5, 1962.

vacation and reversal of the conviction under which sentence was imposed.

Appellant Cox and five others were indicted upon three counts in the Western District of Missouri. Following a trial and conviction, Cox appealed to this court. The affirmance is reported as Cox v. United States, 8 Cir., 284 F.2d 704. The opinion sets forth the contents of the indictment, a brief recital as to the evidence, and fully discusses the claimed errors.

Thereafter, a motion to vacate and set aside judgment and sentence was filed which began the proceedings now in this court.

Appellant claimed in the trial court that:

1) during the original trial testimony was received in the judge's chambers in his absence; and

2) the trial judge was aware before the verdict was reached of the contents of a probation report relating to appellant's prior criminal record and his so-called "ill name among his neighbors," in violation of his rights under Rule 32 (c) of the Federal Rules of Criminal Procedure.

In this court he claims violation of his constitutional rights under both the Fifth and Sixth Amendments to the Constitution, by the trial judge's receipt of testimony of government witnesses and a co-defendant in the court's chambers in his absence. Appellant alleges that he was denied permission to go into the court's chambers in violation of Rule 43, Federal Rules of Criminal Procedure.

With reference to the second point he now claims that the trial judge was so prejudiced that a fair trial with due process of law was impossible and that the trial judge had been his "bitter enemy" for the last sixteen years.

The trial court denied relief. We affirm.

The transcript of the testimony at the trial shows that on the first afternoon, after an objection by appellant's counsel that the government counsel was trying

Robert G. Cox, appellant, pro se.

F. Russell Millin, U. S. Atty., Kansas City, Mo., and John Harry Wiggins, Asst. U. S. Atty., Kansas City, Mo., for appellee.

Before VOGEL and VAN OOSTERHOUT, Circuit Judges, and VAN PELT, District Judge.

VAN PELT, District Judge.

This case, brought under Title 28 U.S.C.A. § 2255, raises the claim that appellant, who appears pro se, is being unlawfully incarcerated. Appellant asks the

to impeach a government witness, the court announced a ten minute recess. The presiding judge then said: "Come into chambers, gentlemen." The official transcript then recites:

"(Whereupon, the following proceedings were had in court chambers, out of the presence and hearing of the jury:)".

The trial judge then asked the Assistant United States Attorney what he was trying to do and whether he was surprised. Upon hearing the answer he then asked the attorney to read into the record the grand jury testimony to which he was referring. The questions and answers read are set forth in the transcript as is the objection of counsel for appellant Cox, the objection being: "My only objection was that he is impeaching his own witness." This objection was overruled. This was assigned as error and is discussed in this court's prior opinion in this case.

Objection was not made at any time that the appellant Cox was not present. Error was not assigned in the former appeal raising the objection that the appellant Cox had not been present. The record nowhere gives support for appellant's contention that he was denied the right to be present. It does not appear that he asked to be present.

It is clear from reading the record that this was a conference with the attorneys and was not a part of the actual trial before the jury. It was held at the court's invitation to permit the trial judge to find out what government counsel was trying to do by his questioning, and, as it developed, to acquaint the trial judge with the nature of the testimony the government intended to offer. After returning to the courtroom, in the presence of the appellant and the jury, the questions and answers read to the court in chambers, were read. The recess and the proceeding in chambers were to protect the rights of the appellant Cox by not allowing a witness to be questioned in the jury's presence about matters which did not affect his testimony and which did not refresh his recollection. Such conferences are usual trial court procedure. Frequently, a trial judge will ask for an exhibit such as the grand jury transcript, take it to his chambers and alone and out of the presence of counsel, will read it and prepare for a ruling. The proceeding here was no different except that the judge had counsel present and instead of reading the transcript himself had counsel read it.

As stated, the record does not bear out appellant's claim that he was denied the right to be present. No request to be present is shown and objection was not made as to his absence when the trial resumed. He was not deprived of any of his rights in the trial before the jury.

■ This court, in Glouser v. United States, 296 F.2d 853, had before it in a Section 2255 appeal, a claimed violation of Rule 43, Federal Rules of Criminal Procedure, and held that the right to be present could be waived and further that the test "under a § 2255 proceeding is whether the appellant was deprived of the substance of a fair trial." We conclude that the proceedings which occurred in chambers were not in the nature of a trial at which, under Rule 43, the defendant is entitled to be present. It is not unusual for a judge to call counsel into chambers and discuss matters of evidence, the form of questions, instructions proposed, and other matters looking to a more orderly trial, without having a defendant present. Appellant's help was not needed by the judge in order to make a ruling. His presence could hinder an orderly discussion. This conference was not a part of the trial within the meaning of Rule 43.

We hold that appellant was not deprived of the substance of a fair trial in the holding of this conference in his absence.

Other courts have reached similar conclusions. In Snyder v. Massachusetts, 291 U.S. 97, 54 S.Ct. 330, 78 L.Ed. 674, the United States Supreme Court held, Mr. Justice Cardozo speaking for the

Court, that the defendant in a murder trial was not assured, under the Fourteenth Amendment, the right to be present when the jury inspected the scene of the alleged crime. This was true even though at the view "the essential features may be pointed out by the counsel." It was there said:

"* * * The Fourteenth Amendment has not said in so many words that he must be present every second or minute or even every hour of the trial. If words so inflexible are to be taken as implied, it is only because they are put there by a court, and not because they are there already, in advance of the decision. Due process of law requires that the proceedings shall be fair, but fairness is a relative, not an absolute concept. It is fairness with reference to particular conditions or particular results. 'The due process clause does not impose upon the States a duty to establish ideal systems for the administration of justice, with every modern improvement and with provision against every possible hardship that may befall.' Ownbey v. Morgan, [256 U.S. 94] supra, p. 110 [41 S.Ct. 433, 65 L.Ed. 837]. What is fair in one set of circumstances may be an act of tyranny in others. This court has not yet held that even upon a trial in court the absence of a defendant for a few moments while formal documents are marked in evidence will vitiate a judgment. * Cf. Commonwealth v. Kelly, 292 Pa. 418, 141 Atl. 246." 291 U.S. at pages 116, 117, 54 S.Ct. at page 336.

The footnote which appears at this point refers to two cases relied upon by appellant, namely, Hopt v. Utah, 110 U.S. 574, 4 S.Ct. 202, 28 L.Ed. 262, and Lewis v. United States, 146 U.S. 370, 13 S.Ct. 136, 36 L.Ed. 1011 as follows:

"*What was said in Hopt v. Utah, supra, and Schwab v. Berggren, supra [143 U.S. 442, 12 S.Ct. 525, 36 L.Ed. 218] on the subject of the presence of a defendant was dictum, and no more. See this opinion, ante, p. 106 [54 S.Ct. 332, 78 L.Ed. 678]. We may say the same of Lewis v. United States, supra, with the added observation that it deals with the rule at common law and not with constitutional restraints."

The Snyder case was followed by Johnson v. United States, 318 U.S. 189, 201, 63 S.Ct. 549, 555, 87 L.Ed. 704, where Mr. Justice Douglas, speaking for the Court, stated:

"It is claimed that the expulsion of petitioner from the court room while counsel were arguing the question of the propriety of the cross-examination on his 1938 income deprived him of his right to be present during the trial. Cf. Snyder v. Massachusetts, 291 U.S. 97 [54 S.Ct. 330, 78 L.Ed. 674]. It is also urged that petitioner was denied the advice of counsel in that the court directed that when he resumed the stand he do so without having an opportunity to confer with his counsel about claiming the privilege. But there is a simple answer to these objections. Not only were no exceptions taken to these rulings; it also appears that they did not result in a loss of the privilege which the court had indicated it would recognize."

There is no difference of substance between objections relating to the propriety of cross-examination, and objections dealing with the propriety of impeachment or refreshment of recollection, so far as the right of a defendant to be present is concerned. The Court of Appeals for the Tenth Circuit has said:

"The final question is whether conferences of the court and counsel on questions of law at the bench or in chambers, out of hearing of the appellant and the jury, denied appellant his constitutional right to be present at every stage of the trial. In the first place, neither appellant nor his counsel made a specific re-

quest for appellant to be present at these conferences, and no complaint or objection was lodged to the practice. He therefore cannot complain of any possible prejudice. Steiner v. United States, 5 Cir., 134 F.2d 931, certiorari denied 319 U.S. 774, 63 S.Ct. 1439, 87 L.Ed. 1721. Moreover, it is settled law that the exclusion of a defendant and a jury from the courtroom during argument on a question of law does not violate defendant's constitutional right to be present at every step of the proceedings. United States v. Johnson, 3 Cir., 129 F.2d 954, 144 A.L.R. 182, affirmed on other grounds, 318 U.S. 189, 63 S.Ct. 549, 87 L.Ed. 704." Deschenes v. United States, 10 Cir., 224 F.2d 688, 693.

The Court of Appeals for the Fourth Circuit discussed the right of the defendant to be present at all steps of the trial in Parker v. United States, 184 F.2d 488, 490, and said:

"* * * The right to be present at all stages of the trial is no more sacred than the right to be confronted by accusing witnesses or to have a common law jury of twelve try the case; and there can be no question but that these may be waived. Grove v. United States, 4 Cir., 3 F.2d 965; Eury v. Huff, 4 Cir., 141 F.2d 554. Proceeding with the trial without objection and with full knowledge of the facts constitutes such waiver as clearly as anything could. As said by Mr. Justice Douglas in Johnson v. United States, 318 U.S. 189, 201, 63 S.Ct. 549, 555, 87 L.Ed. 704: 'Any other course would not comport with the standards for the administration of criminal justice. We cannot permit an accused to elect to pursue one course at the trial and then, when that has proved to be unprofitable, to insist on appeal that the course which he rejected at the trial be reopened to him. However unwise the first choice may have been, the range of waiver is wide.

Since the protection which could have been obtained was plainly waived, the accused cannot now be heard to charge the court with depriving him of a fair trial. The court only followed the course which he himself helped to chart and in which he acquiesced until the case was argued on appeal. The fact that the objection did not appear in the motion for new trial or in the assignments of error makes clear that the point now is a "mere afterthought."'"

The Parker case was relied upon by the Court of Appeals for the Second Circuit in United States ex rel. Shapiro v. Jackson, 263 F.2d 282, 283, where it is said:

"It is relator's claim, albeit thus belated, that, after the jury had retired at the close of his trial, they returned to the courtroom while he was not present and at their request the testimony of three witnesses was read to them. We are unable to discover any injustice or prejudice in this claimed defect; the reading of the testimony on the jury's request was quite proper, and relator was present and represented by counsel throughout the testimony at the trial. Even in the federal courts limited exceptions to an accused's absolute right to be present throughout his trial are permitted. See United States v. Switzer, 2 Cir., 252 F.2d 139, 143–144; Parker v. United States, 4 Cir., 184 F.2d 488."

Further citation of authority would seem unnecessary. Competent counsel did not raise the point now relied upon in the previous appeal. Language of the Parker case, supra, is in point.

"Applicable also is what was said by us in Crowe v. United States, 4 Cir., 175 F.2d 799, 801, as follows: 'This is not the case of an accused who has been denied counsel and who has failed to assert his constitutional rights at the proper time because of ignorance, but of one who has had the assistance of able coun-

sel who knew how to raise and would have raised upon the original trial the questions that he is now raising, if there had been any substance to them.'" 184 F.2d 488, 490.

Appellant's claim on this point is without merit.

■ Appellant's second contention, as above outlined, is that the trial judge was prejudiced against him. In his brief in this court he enlarges upon the claim made in the trial court as to the judge's knowledge of the contents of the probation report, and suggests that the trial judge for sixteen years had been a "bitter enemy" of the appellant.

We note that no attempt was made to disqualify the trial judge and the claim of bias or prejudice was not mentioned in the prior appeal to this court. We shall not give credence to the arguments and complaints of appellant relating to the claimed bias and prejudice of the trial judge by repeating them here. A brief filed by a lawyer containing such ill founded charges would be stricken and he could properly be cited for contempt. See Barnes v. United States, 9 Cir., 241 F.2d 252.

It has been well said by Circuit Judge Frank of the Second Circuit in the case of In re J. P. Linahan, Inc., 138 F.2d 650:

"Democracy must, indeed, fail unless our courts try cases fairly, and there can be no fair trial before a judge lacking in impartiality and disinterestedness. If, however, 'bias' and 'partiality' be defined to mean the total absence of preconceptions in the mind of the judge, then no one has ever had a fair trial and no one ever will. The human mind, even at infancy, is no blank piece of paper. We are born with predispositions; and the process of education, formal and informal, creates attitudes in all men which affect them in judging situations, attitudes which precede reasoning in particular instances and which, therefore, by definition, are prej-

udices. Without acquired 'slants,' pre-conceptions, life could not go on. Every habit constitutes a pre-judgment; were those pre-judgments which we call habits absent in any person, were he obliged to treat every event as an unprecedented crisis presenting a wholly new problem he would go mad. Interests, points of view, preferences, are the essence of living. Only death yields complete dispassionateness, for such dispassionateness signifies utter indifference. * * * An 'open mind,' in the sense of a mind containing no pre-conceptions whatever, would be a mind incapable of learning anything, would be that of an utterly emotionless human being, corresponding roughly to the psychiatrist's descriptions of the feeble-minded.

\*   \*   \*   \*   \*   \*

"* * * Much harm is done by the myth that merely by putting on a black robe and taking the oath of office as a judge, a man ceases to be human and strips himself of all predilections, becomes a passionless thinking machine. The concealment of the human element in the judicial process allows that element to operate in an exaggerated manner; the sunlight of awareness has an antiseptic effect on prejudices. Freely avowing that he is a human being, the judge can and should, through self-scrutiny, prevent the operation of this class of biases." 138 F.2d 651, 652, 653.

■ Judge Gibson, who was not the trial judge, in ruling on this application, stated that there was no indication that the judge who sentenced Cox had had a presentence report before him prior to receiving the verdict. We agree with this finding. Thus, there was nothing to indicate that Rule 32(c), Federal Rules of Criminal Procedure, had been violated. The fact that the trial judge, when a judge in the state courts of Missouri some sixteen or eighteen years before, had sentenced appellant on a criminal charge and that he still remembered

appellant's prior criminal record, or, as appellant says, his "ill name among his neighbors" in no way disqualified him.

We agree with the statement in Barnes v. United States, 241 F.2d 252, 254, as follows:

" * * * The conduct of the trial judge and his rulings in a former case are not the basis for disqualification here. All of the rulings in former cases, as well as the attitude of the judge, could have been raised upon appeal in such cases. Because a judge has decided one case against a litigant is no reason why he cannot sit in another." .

The complaints against the distinguished judge who heard the original case and sentenced appellant upon his conviction following the jury's verdict of guilty, are entirely without merit.

We affirm the trial court.