UNITED STATES of America ex rel. William ALLEN, Petitioner-Appellant,

v.

STATE OF ILLINOIS, Respondent-Appellee.

No. 17166.

United States Court of Appeals Seventh Circuit.

July 7, 1969.

Rehearing Denied Aug. 12, 1969.

H. Reed Harris, Chicago, Ill., for appellant.

William J. Scott, Atty. Gen. of Ill., Thomas J. Immel, Chicago, Ill., for appellee; James R. Thompson, Asst. Atty. Gen., of counsel.

Before HASTINGS, Senior Circuit Judge and KILEY and SWYGERT, Circuit Judges.

SWYGERT, Circuit Judge.

This is an appeal from the district court's dismissal of a habeas corpus petition filed by William Allen who is presently serving a ten to thirty year sentence in the Illinois State Penitentiary. The sentence was imposed by the Criminal Court of Cook County following the petitioner's conviction for armed robbery.

The question presented is whether the petitioner was denied his constitutional rights under the sixth amendment by reason of his forceable exclusion from the courtroom during part of his trial.

After his indictment and during the pretrial stage, the petitioner refused court-appointed counsel and indicated to the trial court on several occasions that he wished to conduct his own defense. After considerable argument by the petitioner, the trial judge told him, "I'll let you be your own lawyer, but I'll ask Mr. Kelly [court-appointed counsel] [to] sit in and protect the record for you, insofar as possible."

The trial began on September 9, 1956. After the State's Attorney had accepted the first four jurors following their voir dire examination, the petitioner began examining the first juror and continued at great length. Finally, the trial judge interrupted the petitioner, requesting him to confine his questions solely to matters relating to the prospective juror's qualifications. At that point, the petitioner started to argue with the judge in a most abusive and disrespectful manner. At last, and seemingly in desperation, the judge asked appointed counsel to proceed with the examination of the jurors. The petitioner continued to talk, proclaiming that the appointed attorney was not going to act as his lawyer. He terminated his remarks by saying, "When I go out for lunchtime, you're [the judge] going to be a corpse here." At that point he tore the file which his attorney had and threw the papers on the floor. The trial judge thereupon stated to the petitioner, "One more outbreak of that sort and I'll re-

move you from the courtroom." This warning had no effect on the petitioner. He continued to talk back to the judge, saying, "There's not going to be no trial, either. I'm going to sit here and you're going to talk and you can bring your shackles out and straight jacket and put them on me and tape my mouth, but it will do no good because there's not going to be no trial." After more abusive remarks by the petitioner, the trial judge ordered the trial to proceed in the petitioner's absence. The petitioner was removed from the courtroom. The voir dire examination then continued and the jury was selected in the absence of the petitioner.

After a noon recess and before the jury was brought into the courtroom, the petitioner, appearing before the judge, complained about the fairness of the trial and his appointed attorney. He also said he wanted to be present in the court during his trial. In reply, the judge said that the petitioner would be permitted to remain in the courtroom if he "behaved [himself] and [did] not interfere with the introduction of the case." The jury was brought in and seated. Counsel for the petitioner then moved to exclude the witnesses from the courtroom. The defendant protested this effort on the part of his attorney, saying: "There is going to be no proceeding. I'm going to start talking and I'm going to keep on talking all through the trial. There's not going to be no trial like this. I want my sister and my friends here in court to testify for me." The trial judge thereupon ordered the petitioner removed from the courtroom. The petitioner was again taken out of the courtroom and the trial proceeded. He was kept from the courtroom throughout the presentation of the prosecution's case except to be brought into the courtroom on four separate occasions in order to be identified by different witnesses. On each occasion he was immediately removed after the identification.

The petitioner was permitted in the courtroom during the presentation of his defense which was conducted by the appointed counsel.

In a consolidated appeal from the petitioner's conviction and a dismissal of his post-conviction petition in regard thereto, the Illinois Supreme Court affirmed. People v. Allen, 37 Ill.2d 167, 226 N.E.2d 1 (1967). Certiorari was denied by the Supreme Court. Allen v. Illinois, 389 U.S. 907, 88 S.Ct. 226, 19 L.Ed.2d 225 (1967).

■ A defendant in a criminal proceeding has the unqualified right to be personally present at all stages of his trial. Hopt v. Utah, 110 U.S. 574, 4 S.Ct. 202, 28 L.Ed. 262 (1884); Shields v. United States, 273 U.S. 583, 47 S.Ct. 478, 71 L.Ed. 787 (1927). Although the Supreme Court has indicated that this right cannot be waived either ·by a defendant or his counsel, Lewis v. United States, 146 U.S. 370, 13 S.Ct. 136, 36 L.Ed. 1011 (1892), there may be instances when a defendant who voluntarily absents himself from a trial effects a waiver of this right. For example, in Parker v. United States, 184 F.2d 488 (4th Cir. 1950), the defendant was injured in an automobile accident during his trial. Neither the court nor counsel knew of the accident and assumed that the defendant had misunderstood the hour when court convened or had been temporarily delayed. The defendant's counsel suggested that the trial proceed and five witnesses were examined before it was learned that the defendant's absence had been caused by his injuries. The Fourth Circuit held that since the defendant had immediately been furnished a transcript of the five witnesses' testimony and did not object to their testimony or request that they be examined further, he voluntarily waived his right to be present during their examination. Certainly, if a defendant in a criminal case absconds during his entire trial or voluntarily and without excuse absents himself from the courtroom, he may waive his right to be present. But that is not this case. Here the defendant repeatedly demanded

that he remain in the courtroom and on both occasions objected to his exclusion.

■ The Supreme Court of Illinois viewed the offensive conduct of the defendant as constituting a waiver of "any [of his] constitutional rights to be present, [and] confront the witnesses against him * * *." We respectfully disagree. A waiver, whether express or implied, denotes a voluntary, intentional relinquishment of a known right. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). It is essentially unilateral in character. A relinquishment of rights by waiver that is compelled by an election of choices is involuntary and not a waiver at all. The choice given the petitioner in the instant case by the trial judge, either to behave or be expelled from the courtroom, compelled the petitioner to involuntarily "waive" a constitutional right. No conditions may be imposed on the absolute right of a criminal defendant to be present at all stages of the proceeding. The insistence of a defendant that he exercise this right under unreasonable conditions does not amount to a waiver. Such conditions, if insisted upon, should and must be dealt with in a manner that does not compel the relinquishment of his right.

■ In light of the decision in Hopt v. Utah, 110 U.S. 574, 4 S.Ct. 202, 28 L.Ed. 262 (1884) and Shields v. United States, 273 U.S. 583, 47 S.Ct. 478, 71 L.Ed. 787 (1927), as well as the constitutional mandate of the sixth amendment, we are of the view that the defendant should not have been excluded from the courtroom during his trial despite his disruptive and disrespectful conduct. The proper course for the trial judge was to have restrained the defendant by whatever means necessary, even if those means included his being shackled and gagged. United States v. Bentvena, 319 F.2d 916 (2d Cir.), cert. denied, 375 U.S. 940, 84 S.Ct. 345, 11 L.Ed.2d 271 (1963); People v. Loomis, 27 Cal.App. 2d 236, 80 P.2d 1012 (1938).[1]

Although we sympathize with the plight of the judge in the instant case and think he showed commendable patience under severe provocation, we nonetheless are of the opinion that he interfered with the defendant's constitutional rights. For that reason, we are compelled to hold that the petitioner's conviction is invalid.

The Court expresses its appreciation to H. Reed Harris, a member of the Illinois bar, for his excellent services as court-appointed counsel for the appellant.

The dismissal order of the district court is reversed.

HASTINGS, Senior Circuit Judge (dissenting).

With deference to the distinguished majority, I feel compelled to dissent from its holding in this case. The majority opinion correctly recites the factual situation concerning petitioner Allen's gross misconduct during his trial in the Criminal Court of Cook County, Illinois. I read the constitutional mandates applicable thereto in a light different from my brethren.

The Sixth Amendment provides that "In all criminal prosecutions, the accused shall enjoy the right to be confronted with the witnesses against him." Defendant was given that right in this case, but made his own free choice to voluntarily reject his enjoyment of it.

The majority mildly characterizes the trial judge's admonition to the defendant as "either to behave or be expelled from the courtroom." Later it recognizes the extremes to which the judge went to preserve some semblance of order in the court. My reading of the undisputed facts indicates to me that defendant was brazenly determined to make a shambles of the criminal judicial process, unless he was permitted to dictate the rules of the game. Witness his threat, after much preliminary blatant misconduct, including a warning to the trial judge that at lunchtime the judge

---

1. An additional technique available to the trial judge for controlling the defendant's behavior was his contempt power.

was "going to be a corpse here", when he said:

"There's not going to be no trial, either. I'm going to sit here and you're going to talk and you can bring your shackles out and straight jacket and put them on me and tape my mouth, but it will do no good because there's not going to be no trial."

Later, at his request, defendant was permitted to be present in court again, and made a similar threat to the judge that he would prevent the trial from proceeding.

The majority states that a "defendant in a criminal proceeding has the unqualified right to be personally present at all stages of the trial," and concludes as a matter of law that "No conditions may be imposed on the unqualified right of a criminal defendant to be present at all stages of the proceedings." I cannot accept the thesis that such an unconditional unqualified right in all criminal cases flows from the constitutional mandate of the Sixth Amendment.

The majority then proposes this unusual remedy for such an intolerable situation,—"The proper course for the trial judge was to have restrained the defendant by whatever means necessary, even if those means included his being shackled and gagged." We all recognize that shackling and gagging a defendant has been judicially approved in certain circumstances. However, I respectfully suggest that such an after the fact holding on appeal is a far cry from the holding here that the failure of the trial judge to take such steps constituted such an interference with the defendant's constitutional rights as to invalidate his conviction.

I further suggest that if the majority holding becomes a prevailing constitutional precedent, then imagine the result that may occur in a criminal trial of multiple defendants who determined "to raise hell" and disrupt the trial to the point of no return. Shackles, chains, gags and a courtroom full of deputy marshals engaged in trying to keep the defendants off the floor may prove to be the climax in following "the proper course." I cannot believe the Federal Constitution requires that any such farce take place.

Neither can I believe that the Sixth Amendment's grant to an accused that he "shall enjoy the right" carries with it an unqualified right to have it on his own terms and that no conditions may be imposed thereon. Thus, the majority in effect says that a defendant has a right to be present at his trial and at the same time rules that the bedevilled trial judge must enforce this right upon the defendant by violent physical means, if necessary.

The majority puts forward a footnote alternative that an additional technique available to the trial judge for controlling the defendant's behavior is the use of the court's contempt power. I fail to see how the threat of punishment for contempt would restrain those determined to destroy the trial proceeding in progress. Defendant and his kind could care less.

The majority opinion properly recognizes those cases holding that a defendant who voluntarily absents himself from a trial effects a waiver of his right to be present. I find myself in agreement with the Supreme Court of Illinois, in upholding defendant's conviction, when it equates a voluntary absence from the trial with circumstances leading to this defendant's involuntary absence. People v. Allen, 37 Ill.2d 167, 226 N.E.2d 1 (1968). In either situation, a defendant by his own action brings about his absence from the trial.

Under the facts of this case, I would hold that the state trial judge did not err in his conduct of defendant's trial and that the district court properly dismissed defendant's petition for a writ of habeas corpus. I would affirm.