POTLATCH CORPORATION, Plaintiff,

v.

The UNITED STATES of America,
Defendant.

No. C–79–1978 SAW.

United States District Court,
N. D. California.

Sept. 30, 1982.

Don Paul Badgley, Chris R. Youtz, Bogle & Gates, Seattle, Wash., for plaintiff.

Joseph P. Russoniello, U. S. Atty., Jay R. Weill, Asst. U. S. Atty., Tax Div., San Francisco, Cal., for defendant.

### ORDER

WEIGEL, District Judge.

Plaintiff brought this suit in 1979 for refund of taxes paid. Following an eighteen day trial in October and November of 1980, the Court made findings of fact and handed down conclusions of law concerning the value of certain timberland. Judgment was then entered based upon the findings and conclusions. Defendant appealed. The Court of Appeals for the Ninth Circuit remanded for a new trial on the ground that the testimony of certain expert witnesses of defendant should not have been excluded. 679 F.2d 153. Defendant now moves the Court to disqualify itself from conducting further proceedings in the case or, alternatively, for trial by jury. The Court finds defendant's motions to be without merit.

*Defendant's Motion to Disqualify*

Defendant asserts that the proper standard for the Court's determination whether to disqualify itself is stated in *United States v. Robin,* 553 F.2d 8 (2d Cir. 1977). This assertion is in error. *Robin* dealt with the decision by a court of appeals concern-

ing reassignment of a case to a different judge on remand, not with a motion to disqualify.[1] The standard that governs disqualification will be delineated and applied later in this order.

Even assuming, *arguendo,* that *Robin* has some application to this case, the test enunciated in *Robin* does not support defendant's motion. In *Robin,* the Court of Appeals for the Second Circuit identified three factors to be considered in determining whether a case should on remand be reassigned to a different judge for further proceedings.

(1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously-expressed views or findings determined to be erroneous or based on evidence that must be rejected, (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness. *Id.* at 10.

The first element of this test concerns the ability of the trial judge to put out of his mind previous findings made "based on evidence erroneously admitted or factors erroneously considered * * * *" *Id.* In this case, since the only error was the exclusion of certain testimony, no improper evidence was ever admitted or erroneous judgment made. For the same reason, reassignment to a different judge is not necessary to preserve the appearance of justice under the second criterion expressed in *Robin.* Furthermore, the third prong of the *Robin* test, concerning the waste of judicial resources, argues strongly against disqualification in this case. *See id.* at 11. While this Court may on remand limit the new trial to that testimony improperly excluded from the first trial,[2] reassignment would require the new judge to duplicate the first

trial and conduct a complete trial *de novo.* Under these circumstances, it is clear that "reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness." *Id.* at 10. Hence, denial of defendant's motion to disqualify would be compelled under the standard delineated by the court of appeals in *Robin.*

■ The proper basis for a motion for a court to disqualify itself is 28 U.S.C. § 455. That section requires a judge to disqualify himself if he has a financial or other personal relationship with one of the parties. In addition, Section 455(a) provides that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Under Section 455(a), however, disqualification is proper only if the judge has a "personal" bias in the case. Disqualification is not warranted on the ground that he has ruled adversely to the moving party at some earlier stage of the case. 13 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3542, at 346–48 (1975). Because defendant does not even assert that the Court's impartiality in this case is threatened by any personal bias, Section 455 lends no support to its motion to disqualify. Hence, defendant's motion must be denied under any standard contained in 28 U.S.C. § 455 or articulated in *Robin.*

*Defendant's Motion for Trial by Jury*

Defendant moves in the alternative for trial by jury. Defendant concedes that it has waived its right to a jury trial. Nonetheless, defendant moves for trial by jury pursuant to Fed.R.Civ.P. 39(b) which provides that "notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion

---

1. In fact, the *Robin* court prefaced its analysis with the statement that "[a]s a general rule, cases sent back to a district court for further proceedings are remanded without any directions or suggestions as to the judge before whom they are to be conducted. That matter is properly left to the district court." 553 F.2d

at 9 (footnote omitted). In this case, the court of appeals did not reassign further proceedings to a different judge.

2. *See, e.g., United States v. 63.04 Acres of Land,* 257 F.2d 68 (2d Cir. 1958); 5 Moore's Federal Practice ¶ 41.13[2] (1982).

upon motion may order a trial .by jury of any or all issues."

A district court acts well within its discretion when it denies an untimely request for a jury trial. *See, e.g., Mardesich v. Marciel,* 538 F.2d 848 (9th Cir. 1976); *Pacific Queen Fisheries v. Symes,* 307 F.2d 700, 718–20 (9th Cir. 1962), *cert. denied,* 372 U.S. 907, 83 S.Ct. 716, 9 L.Ed.2d 716 (1963). Here defendant offers no excuse for its failure to request a jury trial within the time period required by Fed.R.Civ.P. 38.[3] Furthermore, a jury trial would require a complete re-trial of all issues and evidence in the case, and consequently would result in extensive waste of judicial resources. Therefore, defendant's request for relief from its prior waiver of its right to trial by jury must be denied.

Accordingly,

IT IS HEREBY ORDERED that defendant's motion to disqualify the Court from hearing any further proceedings in this action is denied.

IT IS HEREBY FURTHER ORDERED that defendant's motion for trial by jury is denied.

---

**3.** Indeed, the fact that defendant's motion for a jury trial is in the alternative suggests that both motions are grounded in an effort by defendant to displace the trial judge. '