**In re Shearn MOODY, Jr., Debtor,**

**W. Steve SMITH, Trustee of the Estate of Shearn Moody, Jr.,**

v.

**Norman D. REVIE,**

**Bankruptcy No. 85–04138–H3–5.
Adv. No. 85–0832–H3.**

United States Bankruptcy Court,
S.D. Texas,
Houston Division.

Feb. 20, 1986.

Martin Paul Solomon, New York City, for debtor.

Ben B. Floyd, Keavin D. McDonald, Bonham, Carrington & Fox, Houston, Tex., for plaintiff.

Louis Dugas, Jr., Orange, Tex., for defendant.

W. Steve Smith, Woodard, Hall & Primm, Houston, Tex., trustee.

## MEMORANDUM DECISION ON EMERGENCY MOTION TO DISQUALIFY

LETITIA Z. TAITTE, Bankruptcy Judge.

The background of this case is contained in a number of decisions in the main case file on this matter. Familiarity therewith is assumed.

Movant Revie quite properly characterizes himself as one who has been the subject of a finding of lack of credibility by the Court following several days of courtroom testimony in the main case herein. He has urged that such findings demonstrate bias on the part of the trial judge sufficient to mandate disqualification.

■ A judge has as much obligation not to recuse when there is no reason to do so as to recuse when the converse is true. *City of Cleveland v. Cleveland Electric Illuminity Co.*, U.S.D.C., N.D.Ohio, 503 F.Supp. 368, 370 (1980). "A timid judge, like a biased judge, is intrinsically a lawless judge." *Wilkerson v. McCarthy*, 336 U.S. 53, 65, 69 S.Ct. 413, 419, 93 L.Ed. 497 (1949) (Justice Frankfurter in concurring opinion). This is not an appropriate case for recusal.

■ The trial judge has an affirmative obligation to assess in the first instance the legal sufficiency of a motion pursuant to 28 U.S.C. 455, and of the supporting affidavit. *City of Cleveland v. Cleveland Electric Illuminating Co.*, *supra*, at p. 369, and authorities there cited.

The affidavit in this instance alleges only that the affiant believes the trial judge to be biased because the judge in the main case herein, had previously made findings of fact including a fact that the affiant was not credible.

■ It scarcely need be said that disqualification must be predicated upon extrajudicial rather than judicial conduct. *U.S. v. Grinnell Corp.*, 384 U.S. 563, 583, 86 S.Ct. 1698, 1710, 16 L.Ed.2d 778 (1966); *Davis v. Board of School Commissioners*, 517 F.2d 1044, 1052 (5th Cir., 1975); *U.S. v. Phillips*, 664 F.2d 971 (5th Cir.1981) *cert. denied* 457 U.S. 1136, 102 S.Ct. 2965, 73 L.Ed.2d 1354; *Weber v. Garza*, 570 F.2d 511 (5th Cir.1978); *U.S. v. Partin*, 552 F.2d 621 (5th Cir.1977) *cert. denied* 434 U.S. 903, 98 S.Ct. 298, 54 L.Ed.2d 189; *Woodruff v. Tomlin*, 593 F.2d 33 (6th Cir.1979); *Barnes v. U.S.*, 241 F.2d 252 (9th Cir.1956); *U.S. v. Winston*, 613 F.2d 221 (9th Cir. 1980); *In re Corrugated Container Antitrust Litigation*, 614 F.2d 958 (5th Cir. 1980) *cert. denied* 449 U.S. 888, 101 S.Ct. 244, 66 L.Ed.2d 114; *Smith v. U.S.*, 360 F.2d 590 (5th Cir.1966); *Fortner & Perrin, Inc. v. Smith*, 327 F.2d 801 (9th Cir.1964); *Delesdernier v. Porterie*, 666 F.2d 116 (5th Cir.1982); *Potlatch Corp. v. U.S.*, 548 F.Supp. 155 (D.C.Cal.1982); *U.S. v. Conforte*, 457 F.Supp. 641 (D.C.Nev.1978), *aff'd* 624 F.2d 869, *cert. denied* 449 U.S. 1012, 101 S.Ct. 568, 66 L.Ed.2d 470; *City of Cleveland v. Cleveland Electric Illuminating Co.*, *supra* at pp. 371–74; *In re Foster Iron Works, Inc.*, 3 B.R. 715 (Bankr.S.D. Tx. 1980).

The affidavit and Motion in this matter are accordingly insufficient.

The reader might also note several procedural difficulties. *Inter alia*, e.g., 28 U.S.C. 455 requires an affidavit stating the affiant's belief that there exists bias or prejudice, be filed at least ten (10) days in advance of trial. Trial herein is set for February 24, 1986. All papers before the Court were filed February 18, 1986.

Service upon opposing counsel was accomplished by regular mail only, in a format which permits of delivery only on February 18, 1986 or thereafter. No good cause for the late filing has been shown in the moving papers, nor is there an accom-

panying certificate of moving counsel stating that the pleadings or affidavit are made in good faith.

The Motion is denied.