**In re Barbara S. YOUNGS, Debtor.**

**Barbara S. YOUNGS, Plaintiff,**

**v.**

**John H. BAKER, III, Marjorie A. Payne, and Daniel E. O'Connell, Trustee, and Western Bank-Port City, by voluntary appearance, Defendants.**

Bankruptcy No. 83–02341–H1–1.
Adv. No. 84–0528–H1.

United States Bankruptcy Court,
S.D. Texas,
Houston Division.

Oct. 1, 1986.

Hugh T. Echols, Houston, Tex., for Barbara S. Youngs.

Sewell & Riggs, William Matthews, Houston, Tex., for defendants.

MEMORANDUM DECISION AND ORDER ON MOTION TO RECONSIDER OPINION AND ORDER OF AUGUST 8, 1986 AND ALTERNATIVELY, MOTION FOR RECUSAL AND, ALTERNATIVELY, MOTION FOR CHANGE OF VENUE

EDWARD J. RYAN, Bankruptcy Judge.

Lurking in the thicket of words, a veritable morass that has been presented in these papers is the possibility that the debtor may be entitled to a hearing on her claim to relief under, among other things,

F.R.Civ.P. 60(b). *Speare v. Consolidated Assets (In re Agora Prime Rib Restaurant),* 360 F.2d 882 (2d Cir.1966). The debtor is reminded that:

Any system of court procedure worthy of the name requires the observance of certain fundamentals. The parties must prepare papers, sometimes called pleadings, in which they set forth the issues or disputes between them, preferably doing so in such fashion as to make it easy to separate the issues of fact from the Issues of law; at the trial or hearing so written record must be made of the proceedings, either in the form of stenographic transcript by a court reporter or by what have been sometimes euphemistically called the judge's "minutes"; if, by common consent or otherwise the issues are changed during the trial or hearing, the change must be evidenced by new or amended papers or pleadings, or by a written order by the judge or a statement made by him and in some way made a part of the written record; and, when the issues are decided by the judge, there must be some writing, generally called a judgment, in which it clearly appears that the judge has made a final disposition of the whole case or that something else remains to be done. That the observance of these fundamentals is in the interest of justice, that it tends to avoid or at least reduce confusion, the great enemy of justice, and that it greatly facilitates the functioning of an appellate court of review is too obvious for comment. We are sorry to say that in the matter now before us neither the judge nor any of the parties seem to have been aware of some of these fundamentals, except after the event. *Compania Espanola de Pet., S.A. v. Nereus Ship.,* 527 F.2d 966 ([2nd Cir.] 1975).

With respect to the branch of the motion seeking recusal, it is denied. *See, W. Steve Smith, Trustee of the Estate of Shearn Moody, Jr. v. Norman D. Revie,* 58 B.R. 308 (Bankr.S.D.Tex.1986).

Likewise, the branch of the motion that seeks the court to "order a change of ven-

ue of this case to the Austin Division of the Federal District of Texas" is denied.

The within Motion is denied in all respects without prejudice to the plaintiff pursuing her rights by proceeding in a workmanlike fashion.

It is so Ordered.