W. C. and Kenneth STREY, a partnership, on behalf of itself and all others similarly situated, Plaintiff,

v.

HUNT INTERNATIONAL RESOURCES CORPORATION, a Delaware corporation; Great Western United Corporation, a Delaware corporation; The Great Western Sugar Company, a Delaware corporation; Western Investment Company, a Delaware corporation; N. Bunker Hunt and W. Herbert Hunt, Defendants.

Civ. A. No. 78–Z–450.

United States District Court, D. Colorado.

June 11, 1981.

Lawrence W. Treece, Holme, Roberts & Owen, Denver, Colo., James H. O'Hagan, Edward J. Pluimer, Paul B. Klaas, James B. Lynch, Dorsey, Windhorts, Hannaford, Whitney & Halladay, Minneapolis, Minn., for plaintiff.

Allan M. Katz, Munger, Tolles & Rickershauser, Los Angeles, Cal., Edwin S. Kahn, Kelly, Haglund, Garnsey & Kahn, Denver, Colo., for defendants.

## ORDER DENYING MOTION FOR RECUSAL

WEINSHIENK, District Judge.

This matter is before the Court on Defendants' Motion for Recusal. The Great Western Sugar Company (Great Western Sugar), a defendant in this suit, and The Great Western Railway Company (Great Western Railway) have filed suit in this district against *inter alia*, The Interail System (Interail), *The Great Western Sugar Company, et al. v. The Interail System*, Civil Action No. 81–W–558. Interail is a client of my husband's law firm. Defendants urge that 28 U.S.C. § 455(a) requires that I recuse myself in this proceeding because my "partiality might reasonably be questioned." They contend that the same facts which led to my decision to disqualify myself in October 1980 again exist,[1] and that the earlier recusal places upon me an even greater obligation to disqualify myself now in order to avoid the appearance of partiality. Plaintiff opposes the Motion, asserting that the new lawsuit does not give rise to questions about my impartiality in this proceeding. It argues that, at most, the grounds for recusal are minimal and that I should balance the interests to be served by recusal against the resultant hardship, in the form of delay and expense, to it. Plaintiff also suggests that the circumstances surrounding the filing of defendants' two motions support the inference that defendants are "judge-shopping" rather than seeking to "protect this Court's dignity." In reply, defendants assert that my husband's financial interest, as a partner, in any matter which his firm handles, is sufficient to require my disqualification in this proceeding. They repeat their argument that my earlier decision to recuse myself mandates that I do so now, and they protest plaintiff's suggestion of judge-shopping or purposeful delay, declaring that if the case is transferred, they will be prepared to try it as scheduled.

Having considered the positions of the parties as set forth in their respective memoranda, and the relevant ethical standards, I am prepared to rule.

In their first Motion for Recusal, defendants asserted that the pendency of a case entitled *The Great Western Sugar Company v. The Great Western Railway, et al.*, No. 80–CV–5307 (Colo.Dist.Ct.), and brought by Great Western Sugar against, *inter alia*, Interail, required my disqualification in this

---

[1] In March 1981, this case was reassigned to me when the grounds for recusal were no longer applicable.

action. Defendants noted that my husband had appeared on behalf of Interail and they identified several factors supporting their concern for the appearance of partiality in this case:

(1) both cases are significant in the amounts at stake; (2) both cases involve issues and parties which will attract the interest of the general public in the Denver area; (3) it can reasonably be anticipated that both lawsuits will receive significant attention in the media; and (4) there is a possibility that proceedings will be held in both cases concurrently.

Defendants' Motion for Recusal, p. 3, filed October 7, 1980. Contrary to defendants' assertions in the instant motion, the facts which led to this Court's disqualification last October are not again present. Although the recently filed suit involves a significant amount of money, it is not likely to attract the interest of the general public nor, given its recency, is there a possibility that the cases will be tried concurrently. Therefore, I do not believe that my earlier decision to recuse myself mandates recusal once again.

Advisory Opinion No. 31 of the Advisory Committee on Judicial Activities of the Judicial Conference of the United States, cited by defendants, concerns the remittal of a judge's decision to recuse himself or herself due to an economic interest or a family relationship. Because my earlier disqualification was not based on either of these factors, Advisory Opinion No. 31 does not require recusal now.

Nor does *Potashnick v. Port City Const. Co.*, 609 F.2d 1101, 1111 (5th Cir. 1980), a case upon which defendants primarily rely, govern. In *Potashnick*, the district judge had had numerous business dealings with the attorney for Potashnick, and in addition, the judge's father and the attorney were law partners. The 5th Circuit's conclusion that, under such circumstances, the judge's impartiality might reasonably be questioned is manifestly correct. However, the issue raised by defendants' Motion is whether my impartiality might reasonably be questioned because my husband's law firm is representing Interail in the Great Western Sugar-Interail litigation before Judge Winner. See 28 U.S.C. § 455(a); Canon 3C, Canons of Judicial Ethics; see also *United States v. Gigax*, 605 F.2d 507 (10th Cir. 1979).

The statutory test is an objective one:

Because 28 U.S.C. § 455(a) focuses on the appearance of impartiality, as opposed to the existence in fact of any bias or prejudice, a judge faced with a potential ground for disqualification ought to consider how his participation in a given case looks to the average person on the street. Use of the word "might" in the statute was intended to indicate that disqualification should follow if the reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality.

*Potashnick v. Port City Const. Co.*, 609 F.2d at 1111. After carefully considering the asserted grounds for disqualification, I have concluded that a reasonable person, apprised of all the circumstances, would not doubt my impartiality in this case. The fact that one of the defendants in this suit has filed an action against a client of my spouse's law firm is insufficient to raise questions about my impartiality in this litigation. Defendants' position, if accepted, would require that I disqualify myself whenever a party in an action before me brings an unrelated case in another court against a client of my husband's firm, without regard to the stage of the proceedings in the suit before me, the relative interests of the common party in the two lawsuits, the actual involvement of my spouse in the other proceeding, or the possible prejudice to the other parties in the case before me. Due to the obvious potential for abuse, I cannot accept the principle which defendants advance.

As *Potashnick*, 609 F.2d at 1111, indicates, the relevant inquiry requires a consideration of "all the circumstances." The case at bar has been pending for three years and trial is approximately six months away. The other litigation was commenced less than three months ago, and the issues

have not yet been joined. This suit challenges certain decisions and marketing practices of Great Western Sugar; the other action questions the propriety of various debts entered on the books of Great Western Railway, a subsidiary of Great Western Sugar. In that proceeding, one of my husband's partners, not my husband, has entered his appearance on behalf of the firm's client. Finally, a decision to disqualify myself could result in yet another substantial delay in the trial of this matter, not because defendants are not prepared and willing to go to trial as presently scheduled, but because the docket of the new judge will not permit it. Such a delay would prejudice the interests of the plaintiff class. In light of all the circumstances, I must conclude that my impartiality in this action cannot reasonably be questioned due to the pendency of the Great Western Sugar-Interail case. Accordingly, it is

ORDERED that Defendants' Motion for Recusal is denied.