In re Judith Eloise HANEY.

Robert Fureigh, Plaintiff,

v.

Judith Eloise Haney, Defendant.

Bankruptcy No. 98–46669 S.
Adversary No. 98–4059.

United States Bankruptcy Court,
E.D. Arkansas,
Western Division.

May 24, 1999.

James Dendy, Little Rock, AR, for plaintiff.

Judith E. Haney, Hot Springs Village, AR, pro se.

M. Randy Rice, Chapter 7 Trustee.

### *ORDER*

MARY D. SCOTT, Bankruptcy Judge.

This Cause is before the Court upon the two motions filed by the debtor, the Motion for Disqualification and Removal of Mary Scott Davies [sic], and the Motion to Set Aside Order, both filed on May 13, 1999.[1] These motions relate to plaintiff's Motion for Order to Compel and for Sanctions Against Defendant, filed on February 25, 1999, matters heard when the case was pending before the Honorable James G. Mixon, and the Order Awarding Fees, issued by the undersigned judge on May 3, 1999. The Order Awarding Fees was the subject of a hearing, held on March 12, 1999. At that time, Judge Mixon made findings of fact and conclusions of law on the record and awarded fees. The only issue remaining was the amount of fees incurred by the plaintiff. Pursuant to Judge Mixon's directive, plaintiff submitted an affidavit establishing the amount of fees. Thereafter, the case was transferred to the undersigned who reviewed the affidavit, the objection filed by the debtor, and determined, as a matter of law that the fees were not only reasonable, they were appropriate.[2] Hearing having already

---

1. While the motion to set aside order is properly filed in this adversary proceeding, a motion to disqualify a judge from a case must be filed in the main case file.

2. The affidavit averred that plaintiff's counsel expended 3.60 hours of time for a total fee of $450 charged to his client. The affidavit did not include any expenses which necessarily would be incurred in filing such a motion, including copying costs and postage. Although not an excessive amount charged, the debtor objected, asserting (1) that the time expended on legal research and drafting cor-

been held on the merits of the motion for sanctions, hearing on the issues raised by debtor's objection to the affidavit of fees were neither merited nor required.

The debtor has filed a motion requesting the order awarding fees be set aside as well as a separate motion for disqualification of the undersigned judge, asserting that the court "employed prejudicial language that was clearly and unmistakably biased against the rights of the defendant" and that she is being denied due process. These assertions appear to be based upon the fact that the Court awarded sanctions against her. In addition, she apparently disagrees with the statement in the Order that,

> The Court files, including the case file, reveal that consideration and application of the facts, the behavior of the debtor, and circumstances require some effort due to debtor's zealous self-representation even while represented by a succession of attorneys. Accordingly, the Court does not believe that two hours time in research of the issues and formulating a letter to this defendant are unreasonable.

Rule 5004 governs disqualification of the bankruptcy judge and incorporates 28 U.S.C. § 455 governing disqualification of federal judges over matters in which they may have a conflict of interest, personal bias, prejudice against a party, personal knowledge of disputed facts or where there is an appearance of impropriety.[3] Although the Court has a duty to

recuse where any of these factors exist, there is a concomitant duty not to recuse on unsupported, irrational or tenuous speculation. *United States v. DeTemple*, 162 F.3d 279 (4th Cir.1998); *In re Big Rivers Electric Corp.*, 213 B.R. 962 (Bankr. W.D.Ky.1997); see *In re United States*, 666 F.2d 690, 694 (1st Cir.1981) ("Were less required, a judge could abdicate in difficult cases at the mere sound of controversy or a litigant could avoid adverse decisions by alleging the slightest of factual bases for bias."). Bias or prejudice is a judicial predisposition that is wrongful or inappropriate. Neither adverse rulings nor even remarks the party believes to be critical support a bias or partiality challenge. *Liteky v. United States*, 510 U.S. 540, 114 S.Ct. 1147, 1149, 127 L.Ed.2d 474 (1994).

The Court does not believe that any remark or action taken in this case supports any assertion of bias, prejudice, or even deprivation of debtor's due process rights. A hearing on the motion for contempt was heard and debtor given full opportunity to defend against the motion. Indeed, she was given a second opportunity to object, in writing, to the plaintiff's statement of fees such that any argument of deprivation of due process is without merit. Moreover, the Court has not made any statement that indicates bias or prejudice against the debtor. The file fully reveals her zealousness in representing herself,[4] as well as numerous disputes with

---

respondence required by Rule 37, Fed.R.Civ. P., are not allowable and (2) that a fee of $12.50 for a telephone call is not allowable.

**3.** Evidentiary hearings on motions to recuse are not necessary, nor, in many instances, appropriate. *See In re Lieb*, 112 B.R. 830, 836 (Bankr.W.D.Tex.1990).

**4.** Debtor's assertion that her zealous self-representation has nothing to do with the amount of attorney's fees is without merit. Dealing with litigious parties or attorneys often requires opposing parties (and even allied parties) to expend more time in addressing issues and controversies. Similarly, dealing

with *pro se* parties also may take more time and effort. This is a fact of litigation, not necessarily an example of prejudice, bias, or a statement against *pro se* parties. Rather, when parties appear *pro se*, counsel, as well as the Court, are required to expend more time, effort, and care in choice of words in addressing issues so as to ensure that the rights of all parties are preserved and to provide explanation of matters, issues, or procedures. Indeed, this case provides an example in that the Court has twice been compelled to issue orders to explain and correct debtor's actions in erroneously filing a motion for contempt for violation of the automatic stay in this adversary proceeding, rather than in the

**430**

her own attorneys. As the United States Supreme Court has noted, neither critical remarks nor descriptions of debtor's conduct,[5] support a bias challenge. *See id.* For the foregoing reasons, it is

**ORDERED** that the Motion for Disqualification and Removal of Mary Scott Davies [sic], filed on May 13, 1999, is Denied. The Motion to Set Aside Order, filed on May 13, 1999, is Denied.

**IT IS SO ORDERED.**

main case file. Although this is a fairly minor, procedural matter, and the clerk has been directed to correct it, it exemplifies that parties, as well as the court, expend more time in dealing with *pro se* parties. It is not unreasonable, therefore, to take into consideration debtor's zealousness in determining the amount of fees. In any event, even if these factors not under consideration, the amount of time expended on the motion to compel is not unreasonable and the amount of sanctions is appropriate.

5. Although the Court merely described the debtor as zealous in her self-representation, debtor has not been reticent. The debtor's Motion to Set Aside Order is replete with inflammatory language, describing the Court as arrogant and feigning the powers of a "kangaroo court."